### Chicago Great Western Railway Company v. Letitia Westgate.

#### Gen. No. 4,656.

1. VERDICT—*when not set aside.* A verdict will not be set aside where the evidence is conflicting, unless the preponderance is clearly against the verdict rendered.

Action commenced before justice of the peace. Appeal from the Circuit Court of DeKalb county; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

J. B. STEPHENS, for appellant.

JONES & ROGERS, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

C. G. W. Ry. Co. v. Westgate.

The appellee in this case was a practicing physician and surgeon in the city of Sycamore, DeKalb county, Illinois, and in December, 1904, she owned and managed a private hospital where sick and injured persons were treated and cared for. The claim of appellee in the case before us is based on an implied contract that appellant was to pay for the use of the operating room in appellee's hospital, for professional services of appellee as physician and surgeon, and for care, nursing and use of the hospital.

It appears from the evidence that on the night of December 16, 1904, appellant, by its telegraph operator at Sycamore, notified appellee to get a carriage and come to its station at midnight and take an injured man to her hospital. The injured man was to be brought from the west on one of the appellant's trains. Appellee followed these directions. She went to the station with a carriage, received the injured man, and took him to her hospital, which was reached about 1:30 on the morning of December 17th. The man was accompanied by a physician and surgeon representing the appellant at Byron, Illinois, a town about forty miles west of Sycamore. On arriving at the hospital, the physician and surgeon of the railroad company performed an operation on the man, and then left him at the hospital in charge of appellee and her nurses, and also with a local surgeon of appellant to look after the case. Appellee and her nurses gave the injured man their undivided attention until the following Sunday afternoon, when he died.

Soon after appellant, through its claim agent, requested appellee to send her bill for her services. This appellee did. The bill was composed of the following items:

For use of operating room....................$10 00
For professional services.................... 15 00
For hospital bill, including operating room,
    nursing, and surgical dressings........... 15 00

This bill not being paid, appellee brought suit in a justice court, and recovered judgment for the full amount. From this judgment appellant appealed to the Circuit Court of DeKalb county, where the case was heard before a jury, and a verdict was rendered for $40. On appellee remitting $3 for surgical dressings, it appearing from the evidence that they were supplied by the local surgeon in charge of the case, a motion for new trial was overruled, and judgment was entered on the verdict for $37. From that judgment this appeal is prosecuted.

No errors are assigned on the instructions of the court, and no objections are urged, other than that the verdict is excessive and not sustained by the evidence. The plaintiff was running a private hospital, and appellant placed the injured man there to be cared for, and subsequently requested appellee to present her bill. On the trial appellant asked but one instruction, which was given. That instruction told the jury that plaintiff could not recover as to the charge of professional services, unless they believed from the evidence that the charge was the reasonable, usual, ordinary and customary charge for like services in like cases. There was evidence before the jury that these charges were the usual charges, and while the evidence is not absolutely conclusive on that question, we believe it was sufficient, when left to the jury under proper instructions, to sustain the verdict and the judgment of $37. The judgment of the lower court is affirmed.

*Affirmed.*